UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
KEITH B. CAMPBELL            :    Civ. No. 3:17CV02148(CSH)
                             :
v.                           :
                             :
HRH HILL INTERNATIONAL,      :
et al.                       :
                             :    January 16, 2018
-----------------------------x
```

## RECOMMENDED RULING

This matter is before the Court on an initial review of a Complaint and Motion for Leave to Proceed in Forma Pauperis filed by self-represented plaintiff Keith B. Campbell ("plaintiff"). For the reasons set forth below, plaintiff's Motion for Leave to Proceed in Forma Pauperis [Doc. #2] is **GRANTED**. However, on review, the Court recommends that the Complaint [Doc. #1] be **DISMISSED, with prejudice,** pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and §1915(e)(2)(B)(ii).

## I.  Background

Plaintiff filed this lawsuit on a form "Complaint for Employment Discrimination" and asserts that he is bringing his claims pursuant to Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990. See Doc. #1 at 1-2. Plaintiff names as defendants "HRH Hill International" and "TDX Construction Corp." Id. He

1

asserts that the acts complained of include failure to hire, unlawful termination, and "other acts." <u>Id.</u> at 2.

The allegations of plaintiff's complaint are incoherent and incomprehensible. For example, where the form requests that plaintiff state the date of termination of his employment, he states: "Feb. 8th, 2001. Where the situation escalated, into an engineering technician had to be killed, for overstepping the state color, of an engineer, DEP, Kingston, NY 12401." <u>Id.</u> at 2 (sic).[1] Plaintiff includes a separate page in his Complaint, stating: "TDX/Becom Joint Venture – that the adverse / of leaving a large company as HRH, dismissed on the terms given: on: (a) Page (3)-(D), cause of action(s) of an: <u>Engineering Ambassador</u>, N.S.P.E., Chapter 15, in Foot Notes _, Para. (a) & (b); and the facts surrounding <u>the claim</u> – <u>in Ques. 6</u> & <u>Ques. 7</u>, subparts: (a) & (b)." Doc. #1 at 4 (sic). Another separate page states: "—But the new owner clause, was discretely pulled out, by: A particular special group – fraternity - - who fraudulently seized." <u>Id.</u> at 5 (sic).

Where the form inquires whether charges were filed with the Equal Employment Opportunity Commission ("EEOC"), plaintiff checks this box, and writes in: "Even to Rent/Purchase a living space: Adaptable to: Home & Office/Practice – as an engineer & doctor: in

---

[1] The Court has not attempted to reproduce plaintiff's capitalization, but has otherwise attempted to accurately reproduce plaintiff's assertions.

biomedical engineering continuing from New York Univ. Faculty dept." Id. at 6 (sic). Attached to the Complaint is a print-out from the EEOC website containing information regarding the EEOC's powers. See Doc. #1-1.

## II. Motion for Leave to Proceed in Forma Pauperis

Plaintiff has filed a motion seeking to proceed without payment of fees and costs, along with a financial affidavit. [Doc. #2]. Plaintiff's motion contains numerous extraneous and confusing statements. However, it does appear to state that plaintiff has not been employed since 2001, that he has been receiving Social Security disability benefits since 2003, and that he owns neither real property nor an automobile. See generally Doc. #2. Plaintiff also asserts that he is homeless, and that he has $979.43 in monthly obligations. See Doc. #2 at 3, 7. This is sufficient information to establish that plaintiff is "unable to pay" the ordinary filing fees required by the Court. 28 U.S.C. §1915(a)(1). Accordingly, the Court **GRANTS** plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**].

## III. Initial Review of Complaint

### A.   Standard of Review

The determination of whether an in forma pauperis plaintiff should be permitted to proceed under 28 U.S.C. §1915 involves two separate considerations. The Court must first determine whether the plaintiff may proceed with the action without prepaying the

filing fee in full. See 28 U.S.C. §1915(a). The Court has already addressed that issue. Second, section 1915 provides that "the court shall dismiss the case at any time if the court determines that" the case "is frivolous or malicious" or "fails to state a claim on which relief may be granted[.]" 28 U.S.C. §§1915(e)(2)(B)(i), (ii). In the interest of efficiency, the Court reviews complaints under this provision shortly after filing to determine whether the plaintiff has stated a cognizable, non-frivolous claim.

The Court construes complaints filed by self-represented plaintiffs liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court exercises caution in dismissing a case under section 1915(e) because a claim that the Court perceives as likely to be unsuccessful is not necessarily frivolous. See Neitzke v. Williams, 490 U.S. 319, 329 (1989). In addition, "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim[,]" the Court will permit "a pro se plaintiff who is proceeding in forma pauperis" to file an amended complaint that attempts to state a claim upon which relief may be granted. Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999).

**B.  Analysis**

Plaintiff's complaint fails to state a claim for which relief may be granted. To survive dismissal for failure to state a claim,

4

a complaint must plead enough facts to state a claim that is "plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citation omitted). Plaintiff's complaint fails to meet this standard and its allegations are mostly nonsensical.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The requirement that the statement be "plain" is important "because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." <u>Salahuddin v. Cuomo</u>, 861 F.2d 40, 41–42 (2d Cir. 1988). "Dismissal of a complaint is proper when it is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." <u>Russo v. Glasser</u>, 279 F. Supp. 2d 136, 145 (D. Conn. 2003) (internal citation and quotation marks omitted). This Complaint is unintelligible. The Court cannot discern the nature of plaintiff's claims –– which appear to have arisen in or about 2001 –– and finds that the defendants would not

have proper notice of the allegations against them, were this case to proceed.

Section 1915(e)(2) "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327. Even read liberally in light of plaintiff's status as a self-represented party, the Complaint fails to state a cognizable claim. Where a Complaint is "fatally vague, ambiguous, or otherwise unintelligible, it is properly subject to dismissal as 'frivolous.'" Gonzalez v. Ocwen Home Loan Servicing, 74 F. Supp. 3d 504, 520 (D. Conn. 2015), aff'd sub nom. Gonzalez v. Deutsche Bank Nat. Tr. Co., 632 F. App'x 32 (2d Cir. 2016).

Accordingly, the Court recommends that the complaint be **DISMISSED, with prejudice**. See 28 U.S.C. §§1915(e)(2)(B)(i) and (ii); Abascal v. Jarkos, 357 F. App'x 388, 390 (2d Cir. 2009) ("Where the factual allegations supporting a claim describe fantastic or 'delusional scenarios,' the claims are properly dismissed as 'clearly baseless.'" (citing Neitzke, 490 U.S. at 327-28)).

**IV.  Conclusion**

For the reasons set forth herein, plaintiff's Motion for Leave to Proceed in Forma Pauperis [**Doc. #2**] is **GRANTED.** Despite

the mandate to proceed with caution and leniency when considering whether to dismiss a case under section 1915(e), the Court recommends that the Complaint be **DISMISSED, with prejudice,** pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) and (ii).

This is a recommended ruling. <u>See</u> Fed. R. Civ. P. 72(b)(1). **Any objections to this recommended ruling must be filed with the Clerk of the Court within fourteen (14) days of being served with this order.** <u>See</u> Fed. R. Civ. P. 72(b)(2). Failure to object within fourteen (14) days will preclude appellate review. <u>See</u> 28 U.S.C. §636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; D. Conn. L. Civ. R. 72.2; <u>Small v. Secretary of H.H.S.,</u> 892 F.2d 15 (2d Cir. 1989)(per curiam); <u>F.D.I.C. v. Hillcrest Assoc.,</u> 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED at New Haven, Connecticut, this 16th day of January, 2018.

                    /s/
        _____
        HON. SARAH A. L. MERRIAM
        UNITED STATES MAGISTRATE JUDGE